UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

JOSEPH SCOTT PARROTT                                                  PLAINTIFF

vs.                                           CIVIL ACTION NO. 5:03CV-P235-J

SGT. SELBY WOOLEY                                            DEFENDANTS
CHRISTIAN CO. JAIL

## MEMORANDUM OPINION

Plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for *sua sponte* screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth herein, the action will be dismissed.

### I. BACKGROUND AND SUMMARY OF CLAIMS

Plaintiff, a convicted inmate, is incarcerated at the Christian County Jail. As Defendants, Plaintiff names the Christian County Jail and Sgt. Selby Wooley, a guard at the Christian County Jail. He sues Defendant Wooley in his official capacity, and he seeks monetary and punitive damages and "other" relief. As other relief, Plaintiff requests, "make sure every time a altercation happens it is hand video. and also my time of five years probated. under supervised probation."

In the "Statement of Claim" portion of the complaint, Plaintiff states:

> On July 2, 2003 my 8th amendment was volated By Sgt Selby Wooley while I was Being Held By Officer's of the Christain Jail Sgt. Wooley Run's up and slam's my Head Off Of a Block wall as I Fell To Floor other Officer's still were Holding me Down when I Feel some one Jumping on my Back. I was To Daze To Tell Who that was at the Time.

Plaintiff reports that the jail has a prisoner grievance procedure but admits that he did not utilize the procedure. Rather, he talked with Major Brad Boyd, who said that "He take care of it."

## II. LEGAL STANDARD

According to 28 U.S.C. § 1915A, this Court must review the instant action. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, this Court must dismiss a case if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint may be dismissed as frivolous under 28 U.S.C. § 1915A if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

This Court, however, is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also* Fed. R. Civ. P. 8(a)(2). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "the duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted); *see generally Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III. ANALYSIS

The Prison Litigation Reform Act (hereinafter "PLRA") established an administrative exhaustion requirement for actions initiated under 42 U.S.C. § 1983. The administrative exhaustion requirement is contained in 42 U.S.C. § 1997e(a) and provides that "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In the present case, Plaintiff concedes that he failed to utilize the grievance procedure available at the Christian County Jail. Rather, he only spoke to Major Boyd. Such a verbal exchange is insufficient to demonstrate exhaustion of available administrative remedies as a prisoner must avail himself of the formal prison grievance procedure prior to filing suit. *See generally Freeman v. Francis*, 196 F.3d 641, 644-45 (6th Cir. 1999); *see also Shephard v. Wilkinson*, No. 01-3665, 2001 WL 1563934, at *1 (6th Cir. Dec. 5, 2001) (finding that plaintiff failed to exhaust under § 1997e(a), where he informally presented his claims in numerous letters to prison and public officials); *Jewell v. Leroux*, No. 00-2139, 2001 WL 1141455, at * 1 (6th Cir. Sept. 21, 2001) (concluding that "[w]hile he also raised informal complaints in several letters to prison authorities, he must follow the formal grievance process to properly exhaust his administrative remedies"); *Coleman v. Mich. Dep't of Corr.*, No. 98-1938, 1999 WL 1253079, at *1 ( 6th Cir. Dec. 17, 1999) (indicating that although plaintiff wrote letters to prison administrators asking for help, he failed to show he had exhausted his available administrative remedies).

Despite Plaintiff's failure to exhaust available administrative remedies, this Court may nevertheless "dismiss the underlying claim without first requiring the exhaustion of administrative remedies" if the "claim is, on its face, frivolous, malicious, fails to state a claim upon which relief

can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997(c)(2). This is such a case where exhaustion is not required as Plaintiff has failed to state a claim upon which relief may be granted.

Plaintiff sues Defendant Wooley in his official capacity only. If an action is brought against an official of a governmental entity in his "official capacity," the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, in the case at bar, Plaintiff's claims as to Defendant Wooley are actually brought against Christian County. Similarly, the claims against the Christian County Jail also must be brought against Christian County. Fed. R. Civ. P. 17(b); *Cf. Matthews v. Jones*, 35 F.3d at 1049 (since the county police department is not an entity which may be sued, the county is the proper party); *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (suit against Fiscal Court and Judge Executive is a suit against the county); *Ferguson v. Dallas County Jail*, No. 3:96-CV-2939-D, 1997 WL 86459, at *1 (N.D. Tex. Feb. 26, 1997) (county jail lacks separate jural existence and is not a separate entity subject to suit).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v.*

*City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994), *cert. denied*, 513 U.S. 1111 (1995). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, Plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)), *cert. denied*, 510 U.S. 1177 (1994). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his complaints and claims. Plaintiff merely describes one incident occurring on July 2, 2003. Nothing in the complaint demonstrates that any of the officer's actions

occurred as a result of a policy or custom endorsed by Christian County. Accordingly, the complaint fails to establish a basis of liability against Christian County, and, therefore, fails to state a cognizable § 1983 claim. Having determined that the municipality cannot be held liable for the alleged harm, this Court need not address whether the harm was caused by a constitutional violation.

Therefore, the claims against Defendant Wooley in his official capacity and against the Christian County Jail will be dismissed by separate Order pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter an Order consistent with this Memorandum Opinion.

This 27th day of February, 2004.

EDWARD H. JOHNSTONE, SENIOR JUDGE
UNITED STATES DISTRICT COURT

cc: Plaintiff, *pro se*
Defendants
Christian County Attorney
4408.005



ENTERED
FEB 27 2004
JEFFREY A. PERSON, CLERK
BY _____ DEPUTY CLERK